IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEREK MONTEZ, | § | |
| TDCJ-CID # 1434316, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1891 |
| | § | |
| CODY HAMPTON, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

The Court previously ordered a default judgment against defendant Cody Hampton who failed to respond to the Court's order after being served [Doc. #73]. At that time, the Court had not ordered damages because no declaration had been received from plaintiff Derek Montez despite the Court's orders to do so within 30 days. Subsequently, a declaration was filed which was dated November 22, 2013 [Doc. 77, p. 23]. Montez's response is timely because he is incarcerated and must rely on prison authorities to deliver his pleadings for mailing. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system) (citing *Houston v. Lack*, 487 U.S. 266, 268-69 (1988)). *See also Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998). Having reviewed the unchallenged declaration, the Court has determined the damages that shall be awarded to Montez as explained below.

I.   **MONTEZ'S DECLARATION**

The Court ordered Montez to submit a declaration of damages with supporting documentation and affidavits. Montez, who is proceeding without counsel, has presented a handwritten but effective account of Hampton's actions. There are three incidents asserted in which Hampton retaliates against Montez by harassing him and subjecting him to unwarranted disciplinary actions. Despite his limited resources, Montez has also managed to support his assertions with two witness statements from other prisoners. The following is a summary of the incidents:

Montez states that the first incident happened when Hampton falsely accused him of a disciplinary infraction after he attempted to report Hampton's unprofessional conduct to a supervising officer on October 14, 2009 [Doc. #77, p.1]. In doing so, Hampton deliberately jerked Montez's arms behind him causing Montez great pain while handcuffing him. Hampton then placed Montez in a rat infested pre-hearing detention cell with a broken toilet where he was held eight days. *Id.* at 2. Although he was found guilty at a prison disciplinary hearing, Montez appealed the decision claiming that Hampton had fabricated the charges and was harassing him in retaliation for a grievance that Montez had filed against him. *Id.* at 3. Another inmate submitted a statement verifying Montez's account. *Id.* at 9.

Hampton retaliated Montez for a second time on December 3, 2009. Montez

reports that Hampton ordered him to leave the showers and demanded than Montez produce his identification card [Doc. # 77, p. 3]. Hampton waived a pair of handcuffs in Montez's face and attempted to provoke a fight. Hampton's threats and harassment were made in response to a grievance that Montez had filed against him, and put Montez in fear of his life and safety. This incident was also witnessed by another inmate. *Id.* at 9.

The third incident occurred on January 18, 2010, when Hampton appeared at Montez's cell and threatened to pepper spray Montez for reporting his misconduct. *Id.* at 4. When Montez requested to see Hampton's supervisor, Hampton allowed Montez's cell mate to leave but blocked Montez's egress and locked him in his cell. Hampton later brought back a building lieutenant who listened to Montez's complaint about Hampton's behavior; however, Montez was subsequently disciplined based on Hampton's false charges which were filed in retaliation for Montez's complaints. Another inmate submitted a written statement supporting Montez's allegations regarding the January 18 incident. *Id.* at 20.

### III. ANALYSIS

Montez has presented unrefuted evidence that Hampton repeatedly has harassed, abused, and intimidated him for filing complaints about Hampton's behavior. Consequently, Montez has established that Hampton has violated his

constitutional rights by subjecting him to retaliation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).

Montez seeks $75,000 in compensatory damages from Hampton [Doc. # 77, p.1]. Montez is a prisoner and cannot recover compensatory damages absent a showing of physical injury. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir.2005); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (citing 42 U.S.C. § 1997e(e)). Montez has failed to allege or demonstrate any actionable physical injury. *See Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing 42 U.S.C. § 1997e (e)).

Although Montez is barred from compensatory damages, he may still be entitled to nominal and punitive damages. *Hutchins v. McDaniels*, 512 F.3d 193, 197-198 (5th Cir. 2007); *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003) (citing *Carey v. Piphus,* 435 U.S. 247 (1978)). In light of Hampton's abusive conduct which violated Montez's constitutional rights, the Court **ORDERS** the following:

1. Montez is **AWARDED** $150.00 in nominal damages from Hampton.

2. Montez is **AWARDED** $350.00 in punitive damages from Hampton.

3. All other relief is **DENIED**.

4. The Court will enter a separate final judgment.

The Clerk is **ORDERED** to send copies of this Order to the parties and to send

a copy to the United States Marshal.  It is further

**ORDERED** that the Marshal shall serve a copy of this Order on Cody Hampton at one of the addresses listed in the sealed order [Doc. # 65].

SIGNED at Houston, Texas, this 6th day of December, 2013.

Nancy F. Atlas
United States District Judge