IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEREK MONTEZ, | § | |
| TDCJ-CID # 1434316, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1891 |
| | § | |
| CODY HAMPTON, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is a motion filed by Plaintiff Derek Montez, a TDCJ inmate, for reconsideration of the Court's order dated November 29, 2013, ordering a default judgment against defendant Cody Hampton who failed to appear or file a response after being served with the complaint [Doc. # 73], but denying Plaintiff damages because Montez had failed to submit a declaration proving damages. *Id.* Montez's declaration [Doc. # 77] and another document entitled "Proof of Plaintiff Montez's Damages" [Doc. # 76], however, arrived at the court clerk's office four days later, on December 3 and 4, 2013, respectively. Relying on that declaration, the Court issued on December 6, 2013, a Memorandum and Order [Doc. # 78] granting Montez nominal and punitive damages.

Thereafter, on December 13, 2014, presumably before Montez received the Court's December 6 order, Montez submitted a motion to reconsider [Doc. # 82] the

Court's November 29 order denying him damages. Montez's reconsideration motion is moot, as the Court has awarded him damages to the extent supported by the facts and permitted by law.[1]  It is therefore

**ORDERED** that Plaintiff Montez's motion for reconsideration [Doc. # 82] is **DENIED as moot.**

SIGNED at Houston, Texas, this 25th day of March, 2014.

_____
Nancy F. Atlas
United States District Judge

---

[1] The Court deemed Montez's declaration timely pursuant to the prison mailbox rule, *id*. at 1 (citing *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998)), and awarded Montez nominal and punitive damages.  The Court held that Montez was not entitled to compensatory damages because he is a prisoner and did not show that he suffered a physical injury.  Doc. # 78 (citing 42 U.S.C. § 1997e(e).